

MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
E-mail: Michael.Lowry@wilsonelser.com
AMANDA A. EBERT, ESQ.
Nevada Bar No. 12731
E-mail: Amanda.Ebert@wilsonelser.com
300 South 4th Street, 11th Floor
Las Vegas, NV 89101-6014
Tel: 702.727.1400/Fax: 702.727.1401
Attorneys for Keolis Transit Services, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH ROBERTS, individually,<br><br>Plaintiff,<br><br>vs.<br><br>KEOLIS TRANSIT SERVICES, LLC d/b/a KEOLIS TRANSPORTATION d/b/a REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA d/b/a RTC; JOHN DOE; and Does 1 to 100, Roe Corporations 1 to 100, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-943<br><br>**Keolis Transit Services, LLC's Removal Petition** |

Keolis Transit Services, LLC petitions to remove this case to the United States District Court for the District of Nevada from the Eighth Judicial District Court for the State of Nevada. This petition for removal is signed per Rule 11.

Removal is appropriate per 28 U.S.C. § 1441 because diversity jurisdiction is present per 28 U.S.C. 1332. Plaintiff alleges he is presently a Massachusetts resident.[1] Keolis Transit Services, LLC is a wholly owned subsidiary of Keolis Transit America, Inc., a Delaware corporation with its principal place of business in California. Plaintiff alleges injury from a motor vehicle collision that occurred on February 3, 2017.[2] He filed the complaint on January 30, 2019.[3]

---

[1] ECF No. 1-2 at ¶ 1.
[2] *Id.* at ¶ 10.
[3] ECF No. 1-2.

Keolis Transit Services, LLC answered on May 3, 2019 and another defendant was voluntarily dismissed on May 9, 2019. On May 24, 2019 Plaintiff filed a motion in state court claiming $44,820.50 in past medical damages. He expressly stated his damages are actually greater. "Mr. Roberts' related damages also include past and future pain and suffering, and other damages requiring expert knowledge."[4]

In prior cases in this district, the types of injuries and damages allegations Plaintiff asserts have indicated an amount in controversy exceeding $75,000. In *Doelamo v. Karl-Heinz* the defendant argued more than $75,000 was in dispute because plaintiff alleged "approximately $22,000 in past medical damages, and he argues that it is more likely than not that if Plaintiff is successful on his claims for lost wages, future medical damages for his 'permanent' condition(s), past and future pain and suffering, and attorney's fees, he will recover more than $75,000 total in the case."[5] This was sufficient to create subject matter jurisdiction.

> In the Court's experience, a personal injury claim including $22,000 in past medical bills will normally include a plea to a jury for several times this amount in future medical bills, particularly where one alleges a permanent condition related to the injury. The Court can conclude this without even considering pain and suffering, lost wages, or attorney's fees. Considering those measures of damages and fees, as well, it is nearly certain that Plaintiff in reality seeks more than $75,000. The Court has little doubt that Plaintiff will ask the jury to award him more than $75,000, whether in this Court or in state court.

In *Canonico v. Seals* the plaintiff conceded at least $50,000 was in dispute due to past and future medical treatment and property damage.[6] "The remaining question is whether more than $25,000 is at stake in the form of pain and suffering, loss of earning capacity, loss of enjoyment of life, compensatory damages, attorney's fees, and costs. It almost certainly is."

In *Perreault v. Wal-Mart Stores, Inc.* the complaint sought an amount in excess of $10,000.00, as well as special damages, reasonable attorney's fees, costs, and other appropriate relief.[7] The plaintiff provided an itemized list of her then-current medical costs, totaling $38,769.60 and noted that her medical bills were continuing to "trickle in." The amount in

---

[4] ECF 001-7 at 2:24-26.
[5] No. 2:14-cv-339, 2014 U.S. Dist. LEXIS 72664 (D. Nev. May 27, 2014).
[6] No. 2:13-cv-316, 2013 U.S. Dist. LEXIS 60047 (D. Nev. Apr. 25, 2013).
[7] No. 2:16-cv-809, 2016 U.S. Dist. LEXIS 115591 (D. Nev. Aug. 29, 2016).

controversy threshold was satisfied as "it appears likely that plaintiff's total requested damages exceed $75,000.00."

Applied here, the parties are diverse, the amount is controversy is met, and the removal petition was filed within 30 days of learning of a basis for federal jurisdiction.

DATED this 4th day of March, 2019.

**WILSON ELSER**

BY: */s/ Michael Lowry*
MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
AMANDA A. EBERT, ESQ.
Nevada Bar No. 12731
300 South 4th Street, 11th Floor
Las Vegas, NV 89101-6014
Tel: 702.727.1400/Fax: 702.727.1401
Attorneys for Keolis Transit Services, LLC; Keolis Transit America, Inc.

**Certificate of Service**

Pursuant to NRCP 5, I certify that I am an employee of Wilson Elser Moskowitz Edelman & Dicker LLP, and that on June 3rd, 2019, I served **Keolis Transit Services, LLC's Removal Petition** as follows:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☒ via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

| | |
|---|---|
| Paul G. Albright<br>NAQVI INJURY LAW<br>9500 W. Flamingo Road, Suite 104<br>Las Vegas, NV 89147<br>Tel: (702) 553-1000<br>Fax: (702) 553-1002<br>Attorneys for Joseph Roberts | |

BY: */s/ Michael Lowry*
An Employee of
**WILSON ELSER**

-3-