Electronically Filed
1/30/2019 2:12 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Farhan R. Naqvi
Nevada Bar No. 8589
Paul G. Albright
Nevada Bar No. 14159
NAQVI INJURY LAW
9500 W. Flamingo Road, Suite 104
Las Vegas, Nevada 89147
Telephone: (702) 553-1000
Facsimile: (702) 553-1002
naqvi@naqvilaw.com
paul@naqvilaw.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

A-19-788488-C

| | |
|---|---|
| JOSEPH ROBERTS individually, | Case No.: |
| Plaintiff, | Dept. No.:     Department 26 |
| vs. | **COMPLAINT** |
| KEOLIS TRANSIT AMERICA, INC. d/b/a KEOLIS TRANSPORTATION d/b/a REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA d/b/a RTC; KEOLIS TRANSIT SERVICES, LLC d/b/a KEOLIS TRANSPORTATION d/b/a KEOLIS TRANSIT AMERICA d/b/a REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA d/b/a RTC; JOHN DOE; and DOES 1 to 100, ROE CORPORATIONS 1 to 100, inclusive, | |
| Defendants. | |

Plaintiff JOSEPH ROBERTS, by and through his attorney of record, FARHAN R.

NAQVI of NAQVI INJURY LAW, complains against Defendants KEOLIS TRANSIT

AMERICA, INC. d/b/a KEOLIS TRANSPORTATION d/b/a REGIONAL

TRANSPORTATION COMMISSION OF SOUTHERN NEVADA d/b/a RTC; KEOLIS

TRANSIT SERVICES, LLC d/b/a KEOLIS TRANSPORTATION d/b/a KEOLIS TRANSIT

AMERICA d/b/a REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN

NEVADA d/b/a RTC; JOHN DOE; and DOES 1 to 100 AND ROE CORPORATIONS 1 to 100

(the foregoing are hereinafter collectively referred to as "Defendants") as follows:

## **PARTIES AND JURISDICTION**

1. That Plaintiff JOSEPH ROBERTS (hereinafter "Plaintiff") at all times mentioned herein, was a resident of the County of Clark, State of Nevada, and is currently a resident of the State of Massachusetts.

2. That Defendant JOHN DOE (hereinafter referred to as "Defendant DOE"), upon information and belief, is and, at all times mentioned herein, was a resident of the County of Clark, State of Nevada.

3. That Defendant KEOLIS TRANSIT AMERICA, INC. d/b/a KEOLIS TRANSPORTATION d/b/a REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA d/b/a RTC, upon information and belief, is and, at all times mentioned herein, was a foreign corporation licensed and conducting business in Clark County, Nevada.

4. That Defendant KEOLIS TRANSIT SERVICES, LLC d/b/a KEOLIS TRANSPORTATION d/b/a KEOLIS TRANSIT AMERICA d/b/a REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA d/b/a RTC, upon information and belief, is and, at all times mentioned herein, was a foreign limited-liability company licensed and conducting business in Clark County, Nevada.

5. That the true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of Defendant DOES 1 through 100 and ROE CORPORATIONS 1 through 100 inclusive are unknown to Plaintiff who therefore sues said defendants by

such fictitious names.  The full extent of the facts linking such fictitiously sued defendants is unknown to Plaintiff.  Plaintiff is informed and believes and thereupon alleges that each of the defendants designated herein as a DOE and ROE was and is negligent or, in some other actionable manner, is otherwise responsible for the events and happenings hereinafter referred to and thereby negligently or, in some other actionable manner, legally and proximately caused or is somehow otherwise liable for the hereinafter described injuries and damages to Plaintiff.  Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the fictitiously named defendants' true names and capacities after the same have been ascertained.  The legal responsibility of said Defendants DOES 1 through 100 and ROE CORPORATIONS 1 through 100 arises out of, but is not limited to, their status as operators, owners, maintainers, controllers and/or entrustors of the bus that Defendant DOE was operating at the time of the subject incident described more fully below, their status as operators, owners, maintainers, controllers and/or entrustors of the vehicle traveling directly in front of the bus at the time of the subject incident, their agency, representative, master/servant, employer/employee or joint venture relationship with the responsible parties including any other entities who are also responsible for the events and claims asserted herein such as parent and subsidiary companies affiliated with the named or otherwise responsible entities, and/or that they are somehow otherwise liable for the subject incident and/or Plaintiff's resulting damages.  Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said defendants and, when the same have been ascertained, to join such defendants in this action together with the proper charging allegations.

6.   That at all times pertinent, Defendants were agents, servants, employees, employers, partners, representatives or joint venturers of every other defendant herein and, at all times mentioned herein, were acting within the scope and course of said agency, employment, representation or joint venture with knowledge, permission and consent of all other named Defendants and/or otherwise responsible parties.

7.   Plaintiff is informed and believes and thereon alleges that Defendant DOE, at all times herein relevant, was an employee, authorized agent and/or representative of Defendants KEOLIS TRANSIT AMERICA, INC. d/b/a KEOLIS TRANSPORTATION d/b/a REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA d/b/a RTC and KEOLIS TRANSIT SERVICES, LLC d/b/a KEOLIS TRANSPORTATION d/b/a KEOLIS TRANSIT AMERICA d/b/a REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA d/b/a RTC (hereinafter collectively referred to as "Defendants KEOLIS"), and was acting within the course and scope of such employment, agency and/or representation at all times herein relevant.

8.   The facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

## GENERAL FACTUAL ALLEGATIONS

9.   That, at all times mentioned herein, Plaintiff was riding as a passenger on a public transit bus operated by Defendant DOE (hereinafter the "bus"), which was owned, operated, maintained and/or controlled by Defendants KEOLIS and/or that Defendants KEOLIS were otherwise responsible for said bus.

10.  That on February 3, 2017, in Clark County, Nevada, as Plaintiff was a passenger on a bus traveling eastbound on Sahara Avenue approaching Decatur Boulevard when

Defendant DOE negligently operated the bus and failed to use due care by, among other things, failing to maintain a proper look out, failing to maintain a safe distance, failing to safely reduce speed, failing to operate the bus at a safe speed, and suddenly, unreasonably, unsafely, and without warning slamming on the brakes of the bus, thereby inflicting injuries upon Plaintiff.

11. That Defendant DOE negligently caused the aforementioned incident that resulted in injuries and damages to Plaintiff.

12. That as a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries to, including, but not limited to, his back, head, neck, shoulder, bodily limbs, organs and systems, all or some of which conditions are permanent and disabling, and all to Plaintiff's damage in a sum in excess of $15,000.00.

13. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to, and has limited occupational and recreational activities, which has caused and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

14. That as a direct and proximate result of the aforementioned negligence of Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION
### (*Negligence, Negligence Per Se, Respondeat Superior*)

15. Plaintiff incorporates paragraphs 1 through 14 of the Complaint as though said paragraphs were fully set forth herein.

16. Defendant DOE owed Plaintiff a duty of care to operate the bus in a reasonable and safe manner.

17. Defendant DOE breached that duty of care by negligently operating the bus as described above, thereby rendering Defendant DOE liable for causing the subject incident and Plaintiff's resulting damages.

18. The acts of Defendant DOE as described herein violated statutes, laws, ordinances and regulations of the State of Nevada, Clark County, the City of Las Vegas and the Federal Motor Carrier Safety Regulations ("FMCSR"), including, but not limited to, NRS 484B.600, NRS 484B.603, NRS 484B.127, and FMCSR 392.2.

19. Plaintiff is within the class of persons intended to be protected by the statutes, laws, ordinances and regulations that were violated by Defendant DOE, and the injuries suffered by Plaintiff were the type against which such statutes, laws, ordinances and regulations were intended to protect, thereby rendering Defendant DOE liable for the subject incident and Plaintiff's resulting damages based on negligence per se.

20. Upon information and belief, at all times relevant herein, Defendant DOE was an employee, representative and/or authorized agent of Defendants KEOLIS, and was acting within the course and scope of such employment, representation and/or agency.

21. Defendants KEOLIS are liable for the negligent acts of their employee, representative and/or agent, Defendant DOE, under the doctrine of vicarious liability/respondeat superior, thereby rendering Defendants KEOLIS vicariously liable for Defendant DOE's acts and omissions surrounding the subject incident and Plaintiff's resulting damages.

22. As a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

23. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**SECOND CAUSE OF ACTION**
(*Negligent Entrustment*)

24. Plaintiff incorporates paragraphs 1 through 23 of the Complaint as though said paragraphs were fully set forth herein.

25. Defendants KEOLIS were owners and controllers of the bus that Defendant DOE was operating at the time of the subject incident and had the right to control said bus.

26. Defendants KEOLIS negligently entrusted the use and possession of the bus to Defendant DOE.

27. Defendant DOE subsequently failed to drive safely and obey traffic laws of the State of Nevada, City of Las Vegas and Clark County when operating the bus at the time of the incident.

28. Defendants KEOLIS owed Plaintiff a duty of ordinary care to entrust the use and possession of the bus to a careful driver who was competent to operate said bus.

29. Defendants KEOLIS subsequently breached the duty of ordinary care by negligently entrusting the use and possession of the bus to Defendant DOE.

30. As a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

31. That as a direct and proximate result of the aforementioned negligence of Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

/ / /

## THIRD CAUSE OF ACTION
### (*Negligent Hiring*)

32.  Plaintiff incorporates paragraphs 1 through 31 of the Complaint as though said paragraphs were fully set forth herein.

33.  Defendants KEOLIS owed Plaintiff several duties including, but not limited to, the following:

   a.  The duty to keep Plaintiff safe from the negligent acts of their employees;

   b.  The duty to provide and hire responsible employees;

   c.  The duty to implement adequate policies and procedures for hiring employees; and

   d.  The duty to conduct reasonable investigations into the backgrounds of their employees.

34.  Upon information and belief, Defendants KEOLIS breached these duties by, among other things:

   a.  Hiring individuals, including Defendant DOE, who were not qualified and/or competent for their positions;

   b.  Failing to conduct a reasonable and thorough investigation into the personal background and employment history of their employees, including Defendant DOE; and

   c.  Failing to implement adequate policies and/or procedures for hiring employees, including Defendant DOE.

35.  That as a direct and proximate result of the negligence of Defendants, Plaintiff has been damaged in an amount in excess of $15,000.00.

/ / /

36. That as a direct and proximate result of the aforementioned negligence of Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FOURTH CAUSE OF ACTION
(*Negligent Training and Supervision*)

37. Plaintiff incorporates paragraphs 1 through 36 of the Complaint as though said paragraphs were fully set forth herein.

38. Defendants KEOLIS owed Plaintiff the duty to exercise reasonable care in the training and supervision of any and all employees.  This duty required Defendants KEOLIS to train and supervise employees, including Defendant DOE, to ensure that these employees acted without negligence.

39. Defendants KEOLIS breached this duty when they failed to properly train and supervise employees, including Defendant DOE, whose negligence caused injury to Plaintiff as alleged herein.  If Defendants KEOLIS had properly trained and supervised employees, including Defendant DOE, this negligence would not have occurred.

40. That as a direct and proximate result of the negligence of Defendants, Plaintiff has been damaged in an amount in excess of $15,000.00.

41. That as a direct and proximate result of the aforementioned negligence of Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FIFTH CAUSE OF ACTION
(*Negligent Retention*)

42. Plaintiff incorporates paragraphs 1 through 41 of the Complaint as though said paragraphs were fully set forth herein.

43. Defendants KEOLIS owed Plaintiff the duty to exercise reasonable care in the retention of employees.

44. Upon information and belief, Defendants KEOLIS breached this duty when they negligently retained employees, including Defendant DOE, even though they knew, or should have known, that these employees lacked the qualifications and/or competence for their position.

45. That as a direct and proximate result of the negligence of Defendants, Plaintiff has been damaged in an amount in excess of $15,000.00.

46. That as a direct and proximate result of the aforementioned negligence of Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JOSEPH ROBERTS, expressly reserving the right to amend this complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays for judgment against all Defendants, and each of them, as follows:

1. For general damages sustained by Plaintiff in an amount in excess of $15,000.00;

2. For special damages sustained by Plaintiff in an amount in excess of $15,000.00;

3. For reasonable attorney's fees and costs;

4. For interest at the statutory rate; and

/ / /

/ / /

/ / /

5.   For such other relief as the Court deems just and proper.


DATED this <u>30th</u> day of January, 2019.


NAQVI INJURY LAW

By: _____

FARHAN R. NAQVI
Nevada Bar No. 8589
PAUL G. ALBRIGHT
Nevada Bar No. 14159
9500 W. Flamingo Road, Suite 104
Las Vegas, Nevada 89147
*Attorneys for Plaintiff*
