**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**ANTHONY L. ASHBY, ESQ.**
Nevada Bar No. 4911
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH ROBERTS, Individually,<br><br>          Plaintiff,<br><br>vs.<br><br>KEOLIS TRANSIT SERVICES, LLC; KEVIN ALECIO LOPEZ; and DOES 1 to 100, ROE CORPORATIONS 1 to 100, inclusive,<br><br>          Defendants. | CASE NO.: 2:19-cv-00943-JCM-BNW<br><br>**FIRST AMENDED COMPLAINT** |

**COMES NOW**, Plaintiff, JOSEPH ROBERTS, by and through his attorney of record, RAMZY P. LADAH, ESQ. and ANTHONY L. ASHBY, ESQ., of LADAH LAW FIRM, who hereby submits Plaintiff's First Amended Complaint against Defendants, KEOLIS TRANSIT SERVICES, LLC and KEVIN ALECIO LOPEZ, as follows:

**PARTIES AND JURISDICTION**

1.     That Plaintiff, JOSEPH ROBERTS, at all times mentioned herein, was a resident of the County of Clark, State of Nevada, and is currently a resident of the State of Nevada.

2.     That Defendant, KEOLIS TRANSIT SERVICES, LLC, upon information and belief, is and, at all times mentioned herein, was a foreign corporation licensed and conducting business in Clark County, Nevada.

3.     That Defendant, KEVIN ALECIO LOPEZ, upon information and belief, is and, at

1

all times mentioned herein, was a resident of the County of Clark, State of Nevada.

4. That the true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of Defendant DOES 1 through 100 and ROE CORPORATIONS 1 through 100 inclusive are unknown to Plaintiff who therefore sues said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued defendants is unknown to Plaintiff. Plaintiff is informed and believes and thereupon alleges that each of the defendants designated herein as a DOE and ROE was and is negligent or, in some other actionable manner, is otherwise responsible for the events and happenings hereinafter referred to and thereby negligently or, in some other actionable manner, legally and proximately caused or is somehow otherwise liable for the hereinafter described injuries and damages to Plaintiff. Plaintiff will hereafter seek leave of the Court to again amend this Complaint to show the fictitiously named defendants' true names and capacities after the same have been ascertained. The legal responsibility of said Defendants DOES 1 through 100 and ROE CORPORATIONS 1 through 100 arises out of, but is not limited to, their status as operators, owners, maintainers, controllers and/or entrustors of the bus that Defendant DOE was operating at the time of the subject incident described more fully below, their status as operators, owners, maintainers, controllers and/or entrustors of the vehicle traveling directly in front of the bus at the time of the subject incident, their agency, representative, master/servant, employer/employee or joint venture relationship with the responsible parties including any other entities who are also responsible for the events and claims asserted herein such as parent and subsidiary companies affiliated with the named or otherwise responsible entities, and/or that they are somehow otherwise liable for the subject incident and/or Plaintiff's resulting damages. Plaintiff will ask leave of this Honorable Court to again amend this Complaint to insert the true names and capacities of said defendants and, when the same have been ascertained, to join such defendants in this action together with the proper charging allegations.

5.      That at all times pertinent, Defendants were agents, servants, employees, employers, partners, representatives or joint venturers of every other defendant herein and, at all times mentioned herein, were acting within the scope and course of said agency, employment, representation or joint venture with knowledge, permission and consent of all other named Defendants and/or otherwise responsible parties.

6.      Plaintiff is informed and believes and thereon alleges that Defendant DOE, at all times herein relevant, was an employee, authorized agent and/or representative of Defendant, KEOLIS TRANSIT SERVICES, LLC, and was acting within the course and scope of such employment, agency and/or representation at all times herein relevant.

7.      The facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

**GENERAL FACTUAL ALLEGATIONS**

8.      That, at all times mentioned herein, Plaintiff was riding as a passenger on a public transit bus operated by Defendant, KEVIN ALECIO LOPEZ, which was operated, maintained and managed by Defendant KEOLIS were otherwise responsible for said bus.

9.      That on February 3, 2017, in Clark County, Nevada, as Plaintiff was a passenger on a bus traveling eastbound on Sahara Avenue approaching Decatur Boulevard when Defendant LOPEZ negligently operated the bus and failed to use due care by, among other things, failing to maintain a proper look out, failing to maintain a safe distance, failing to safely reduce speed, failing to operate the bus at a safe speed, and suddenly, unreasonably, unsafely, and without warning slamming on the brakes of the bus, thereby inflicting injuries upon Plaintiff.

10.     That Defendant LOPEZ negligently caused the aforementioned incident that resulted in injuries and damages to Plaintiff.

11.     That as a direct and proximate result of Defendants' negligence, Plaintiff sustained

3

injuries to, including, but not limited to, his back, head, neck, shoulder, bodily limbs, organs and systems, all or some of which conditions are permanent and disabling, and all to Plaintiff's damage in a sum in excess of $15,000.00.

12.    That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to, and has limited occupational and recreational activities, which has caused and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

13.    That as a direct and proximate result of the aforementioned negligence of Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FIRST CAUSE OF ACTION
#### (*Negligence, Negligence Per Se, Respondeat Superior*)

14.    Plaintiff incorporates paragraphs 1 through 13 of the Amended Complaint as though said paragraphs were fully set forth herein.

15.    Defendant LOPEZ owed Plaintiff a heightened duty of care to operate the bus in a reasonable and safe manner.

16.    Defendant LOPEZ breached that heightened duty of care by negligently operating the bus as described above, thereby rendering Defendant LOPEZ liable for causing the subject incident and Plaintiff's resulting damages.

17.    The acts of Defendant LOPEZ as described herein violated statutes, laws, ordinances and regulations of the State of Nevada, Clark County, the City of Las Vegas and the Federal Motor Carrier Safety Regulations ("FMCSR"), including, but not limited to, NRS 484B.600, NRS 484B.603, NRS 484B.127, **and** FMCSR 392.2.

18.    Plaintiff is within the class of persons intended to be protected by the statutes, laws, ordinances and regulations that were violated by Defendant LOPEZ, and the injuries suffered by

4

Plaintiff were the type against which such statutes, laws, ordinances and regulations were intended to protect, thereby rendering Defendant LOPEZ liable for the subject incident and Plaintiff's resulting damages based on negligence per se.

19.    Upon information and belief, at all times relevant herein, Defendant LOPEZ was an employee and authorized agent of Defendant KEOLIS, and was acting within the course and scope of such employment.

20.    Defendants KEOLIS are liable for the negligent acts of their employees, Defendant LOPEZ, under the doctrine of vicarious liability/respondeat superior, thereby rendering Defendant KEOLIS vicariously liable for Defendant LOPEZ's acts and omissions surrounding the subject incident and Plaintiff's resulting damages.

21.    As a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

22.    That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## SECOND CAUSE OF ACTION
### (*Negligent Entrustment*)

23.    Plaintiff incorporates paragraphs 1 through 23 of the Amended Complaint as though said paragraphs were fully set forth herein.

24.    Defendants KEOLIS was the operator and manager of the bus that Defendant LOPEZ was driving at the time of the subject incident and had the right to control said bus.

25.    Defendants KEOLIS negligently entrusted the use and possession of the bus to Defendant LOPEZ.

26.    Defendant LOPEZ subsequently failed to drive safely and obey traffic laws of the State of Nevada, City of Las Vegas and Clark County when operating the bus during the crash.

27. Defendants KEOLIS owed Plaintiff a heightened duty of ordinary care to entrust the use and possession of the bus to a careful driver who was competent to operate said bus.

28. Defendants KEOLIS subsequently breached the heightened duty of ordinary care by negligently entrusting the use and possession of the bus to Defendant LOPEZ.

29. As a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

30. That as a direct and proximate result of the aforementioned negligence of Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, JOSEPH ROBERTS, expressly reserving the right to again amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays for judgment against Defendants, and each of them, as follows:

1. For general and special damages sustained by Plaintiff in excess of $15,000.00;

2. For reasonable attorney's fees and costs;

3. For interest at the statutory rate; and

4. For such other relief as the Court deems just and proper.

**DATED** this 6th day of August, 2019.

**LADAH LAW FIRM**

*/s/ Ramzy P. Ladah, Esq.*

_____
RAMZY P. LADAH, ESQ.
Nevada Bar No. 11405
ANTHONY L. ASHBY, ESQ.
Nevada Bar No. 4911
517 S. Third Street
Las Vegas, NV 89101
Attorneys for Plaintiff

6